| **Fill in this information to identify the case:** |
|---|
| United States Bankruptcy Court for the: |
| Southern District of New York |
| Case number (*If known*): _____ Chapter 15 |

☐ Check if this is an amended filing

# Official Form 401
# Chapter 15 Petition for Recognition of a Foreign Proceeding   12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

1. **Debtor's name**  Spencer Capital Holdings Ltd.

2. **Debtor's unique identifier**
   
   **For non-individual debtors:**
   ☐ Federal Employer Identification Number (EIN) __ __ – __ __ __ __ __ __ __
   ☑ Other  Bermuda Registration. Describe identifier  51923.
   
   **For individual debtors:**
   ☐ Social Security number:   xxx – xx– ____ ____ ____ ____
   ☐ Individual Taxpayer Identification number (ITIN):  **9** xx – xx – ____ ____ ____ ____
   ☐ Other _____. Describe identifier _____.

3. **Name of foreign representative(s)**  Rachelle Frisby and John Johnston, as Joint Provisional Liquidators

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred**  Supreme Court of Bermuda, Civil Jurisdiction - Commercial Court, 2019: No. 380

5. **Nature of the foreign proceeding**
   
   *Check one:*
   ☑ Foreign main proceeding
   ☐ Foreign nonmain proceeding
   ☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**
   ☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.
   ☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.
   ☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
   _____
   _____

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**
   ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
   ☑ Yes

Debtor **Spencer Capital Holdings Ltd.**
Name

Case number (*if known*)_____

| 8. | **Others entitled to notice** | Attach a list containing the names and addresses of: |
|---|---|---|
| | | (i) all persons or bodies authorized to administer foreign proceedings of the debtor, |
| | | (ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and |
| | | (iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code. |

9. **Addresses**

**Country where the debtor has the center of its main interests:**

Bermuda

**Debtor's registered office:**

Corner House, 20 Parliament Street
Number    Street

_____
P.O. Box

Hamilton, HM 12
City    State/Province/Region    ZIP/Postal Code

Bermuda
Country

**Individual debtor's habitual residence:**

_____
Number    Street

_____
P.O. Box

_____
City    State/Province/Region    ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

Corner House, 20 Parliament Street
Number    Street

_____
P.O. Box

Hamilton, HM 12
City    State/Province/Region    ZIP/Postal Code

Bermuda
Country

10. **Debtor's website** (URL) _____

11. **Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

　☐ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

　☐ Partnership

　☑ Other. Specify: Limited Company

☐ Individual

| Debtor | Spencer Capital Holdings Ltd. | Case number (if known) _____ |
|---|---|---|
| | Name | |

**12. Why is venue proper in *this* district?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:
_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:
_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _/s/ Rachelle Frisby_____    Rachelle Frisby, as JPL
Signature of foreign representative    Printed name

Executed on  09/24/2020
             MM / DD / YYYY

✗ _/s/ John Johnston_____    John Johnston, as JPL
Signature of foreign representative    Printed name

Executed on  09/24/2020
             MM / DD / YYYY

**14. Signature of attorney**

✗ _/s/ Constantine D. Pourakis_____    Date  09/24/2020
Signature of Attorney for foreign representative           MM / DD / YYYY

Constantine D. Pourakis
Printed name

Stevens & Lee, P.C.
Firm name

485 Madison Avenue, 20th Floor
Number    Street

New York                                  NY         10022
City                                      State      ZIP Code

(212) 319-8500                            cp@stevenslee.com
Contact phone                             Email address

3905346                                   NY
Bar number                                State

## "ATTACHMENT TO CHAPTER 15 PETITION"

**IN RE SPENCER CAPITAL HOLDINGS, LTD. (IN PROVISIONAL LIQUIDATION)**

*Statement regarding line 8(i), persons or bodies authorized to administer foreign proceedings of the debtor*

- Rachelle Frisby (joint provisional liquidator ("**JPL**") of the Debtor)
  c/o Deloitte Ltd.
  Corner House, 20 Parliament Street
  Hamilton HM 12
  Bermuda

- John Johnston (JPL of the Debtor)
  c/o Deloitte Ltd.
  Corner House, 20 Parliament Street
  Hamilton HM 12
  Bermuda

Both Rachelle Frisby and John Johnston were appointed by the Supreme Court of Bermuda to act as the duly authorized foreign representatives of the Debtor.

*Statement regarding line 8(ii), parties to litigation pending in the United States in which the Debtor is a party at the time of filing of this petition*

- The Debtor is a defendant in the action styled *Cavello Bay Reinsurance Limited v. Stein et al.,* Case No. 18-cv-11362 KMK (S.D.N.Y.). There is a pending appeal of the District Court's order granting Debtor's motion to dismiss before the United States Court of Appeals for the Second Circuit, Case No. 20-1371.

*Statement regarding line 8(iii), entities against whom provisional relief is being sought under §1519 of the Bankruptcy Code*

- Bankruptcy Rule 1007(a)(4) provides, in relevant part, that "a foreign representative filing a petition for recognition under chapter 15 shall file with the petition . . . unless the court orders otherwise, a list containing the names and addresses of . . . all entities against whom provisional relief is being sought under §1519 of the Code." Fed. R. Bankr. P. 1007(a)(4). The Joint Provisional Liquidators are not seeking any provisional relief, such that there is no need to disclose the identity of such entities or parties.

IN THE SUPREME COURT OF BERMUDA
CIVIL JURISDICTION – COMMERCIAL COURT
COMPANIES (WINDING-UP)
2019: No. 380

IN THE MATTER OF SPENCER CAPITAL HOLDINGS LTD.
AND IN THE MATTER OF THE COMPANIES ACT 1981

## WINDING-UP ORDER

**UPON READING** the Petition presented by Spencer Capital Holdings Ltd (the "Petitioner") on 17 September 2019

**AND UPON** the hearing of the Petition

**AND UPON READING:-**

(a)  The Petition;

(b)  the Second Affidavit of Ken Shubin Stein sworn on 18 September 2019 and filed on 23 September 2019 verifying the Petition;

(c)  The affidavit of service and advertisement of the Petition sworn by Bilal Binns on 30 September 2019 and filed on 30 September 2019;

(d)  A copy of the advertisement of the Petition that appeared in the Royal Gazette on 27 September 2019;

(e)  The certificate of the Registrar dated 10 October 2019 certifying compliance with Rule 24 of The Companies (Winding Up) Rules 1982.

**AND UPON HEARING** Counsel for the Petitioner;

**IT IS HEREBY ORDERED THAT:**

1.  The Spencer Capital Holdings Ltd. be wound up by the Court under the provisions of the Companies Act 1981;

558050

2. The Rachelle Frisby and John Johnstone of Deloitte Ltd be continued in office as joint and several provisional liquidators of the affairs of the Company with the power to appoint agents and attorneys and to pay for same out of the assets of the Company at the normal rates charged by such agents and attorneys;

3. That the period within which the first statutory meetings of the creditors and contributories under section 171 of the Companies Act 1981 must be held be extended to three months after the date of the winding-up order; and

4. The costs of and occasioned by the Petition shall be paid out of the assets of the Company as a priority payment.

**DATED** this 11th day of October 2019

_____
**HON. SHADE SUBAIR WILLIAMS**
**PUISNE JUDGE**

558050

IN THE SUPREME COURT OF BERMUDA
CIVIL JURISDICTION – COMMERCIAL COURT
COMPANIES (WINDING-UP)
2019: No. 380

IN THE MATTER OF SPENCER CAPITAL HOLDINGS LTD.
AND IN THE MATTER OF THE COMPANIES ACT 1981

---

**WINDING-UP ORDER**

---

 



ASW Law Limited | Crawford House
50 Cedar Avenue | Hamilton, HM11
BERMUDA

Attorneys for the Petitioner
KALG/1798-001

558050

IN THE SUPREME COURT OF BERMUDA
CIVIL JURISDICTION – COMMERCIAL COURT
COMPANIES (WINDING-UP)
2019: No. 380

IN THE MATTER OF SPENCER CAPITAL HOLDINGS LTD.
AND IN THE MATTER OF THE COMPANIES ACT 1981

---

## ORDER

---

UPON the application by ex parte summons of the Petitioner, Spencer Capital Holdings Ltd.

AND UPON reading the Affidavit of Kenneth Shubin Stein sworn on 17 September 2019 in support.

AND UPON HEARING Counsel for the Petitioner.

IT IS HEREBY ORDERED THAT:

1. Rachelle Frisby and John Johnston of Deloitte Ltd. of Corner House, 20 Parliament Street, Hamilton, HM12, Bermuda, be appointed joint provisional liquidators ("JPLs") of the Company and for the avoidance of doubt, the powers of the directors and officers of the Company shall cease to the extent that such powers are transferred to the JPLs by this order.

2. The powers of the JPLs not be limited pursuant to s.170(3) of the Companies Act 1981 and the JPLs shall have all of the powers set out in section 175 of the Companies Act 1981.

554859

1

3.  For the avoidance of doubt, but without restricting the generality of the paragraph 2 above, the JPLs shall be empowered to carry out the following functions, either jointly or severally:

   3.1. to continue the business of the Company under the supervision of this Court in so far as is necessary to preserve value of the Company;

   3.2. to take possession of the books, records, bank accounts and any other property or assets (of whatever nature) to which the Company is or appears to be entitled, and to take whatever steps necessary to effect such possession including, where necessary, Court actions to obtain such property or assets to bring them under the control of the JPLs. For the avoidance of doubt, this includes the power for the JPLs to be able to see, review, secure, take possession of and copy any books and records (of whatever nature) relating to the Company's management, accounts and audit located in the offices of the Company's managers, principal representative and/or auditors and accountants;

   3.3. to retain and employ barristers, attorneys or solicitors and/or such agents or professional persons as the JPLs deem fit (in Bermuda, the United States, and elsewhere as the JPLs deem appropriate) for the purpose of advising and assisting in the execution of his powers;

   3.4. to render and pay invoices out of the assets of the Company:

      3.4.1. for his own remuneration at his usual and customary rates (and this shall include all costs, charges and expenses of his attorneys and all other agents, managers, accountants or other persons that the JPLs may employ); and

3.4.2. all expenses and disbursements incurred in connection with the running, administration and management of the Company's records and affairs and offices;

3.5. if deemed necessary and/or appropriate, to seek the assistance the United States Bankruptcy Court under the provisions of the US Bankruptcy Code, Chapter 15;

3.6. to maintain and operate the existing bank accounts of the Company and to open and operate new bank accounts in the name of the JPLs or the Company as may be necessary (whether within or outside the jurisdiction) and to pay monies into such accounts and authorize payment from such accounts;

3.7. to do all such things as may be necessary or expedient for the protection of the Company's property or assets;

3.8. to carry out the following where deemed appropriate:

3.8.1. the employment of professionals used in the ordinary course of business;

3.8.2. the sale or other disposition of any business operation, subsidiary, division or other significant asset of the Company including (without limitation) the sale of SWDS Holdings, Inc.;

3.8.3. the incurrence of indebtedness or borrowed money, whether pursuant to agreements with suppliers or pursuant to loan arrangements with financing institutions and/or to grant security in respect of same and/or to guarantee such indebtedness or borrowed money of affiliates;

3.9.      to enter into settlements or arrangements with any creditors and any debtors of the Company without further order or other approval or formality including but not limited to terminating, completing or effect any contracts or transactions relating to the business of the Company;

3.10.    to effect insurance in connection with the management and maintenance of the property and assets of the Company;

3.11.    to consider any legal or arbitration proceedings (including winding up proceedings) wherever situate in which the Company is a party including (without limitation) the proceedings pending in the United States District Court for the Southern District of New York captioned *Cavello Bay Reinsurance Limited v Kenneth Shubin Stein, Spencer Capital Limited (f/k/a Spencer Capital Holdings Ltd) and Spencer Capital Holdings Ltd., Case Number: 7:2018cv11362*, and to give all instructions in connection therewith and take such action as may be thought necessary to continue to prosecute or defend such proceedings or to apply for a stay of such proceedings;

3.12.    to consider and if thought advisable to commence such actions as may be necessary in Bermuda or elsewhere to protect, recover or obtain assets or money belonging to the Company;

3.13.    to rank and claim in the bankruptcy, liquidation, scheme of arrangement or insolvency of any person (including but not limited to any body corporate) indebted to the Company and to receive dividends, and to accede to trust deeds for the creditors of any such person;

3.14.    to change the situation of the Company's registered office;

3.15. to conduct such investigations and obtain such information so far as it is necessary to locate, protect, secure, take possession of, collect and get in the assets, and determine the liabilities, of the Company, including but not limited to securing the shares in and controlling the subsidiaries of the Company; and

3.16. to do all things incidental to the exercise of the foregoing powers;

4. No disposition of the Company's property by or with the authority of the JPLs in the carrying out of his duties and functions and in the exercise of his powers under this Order shall be avoided by virtue of the provisions of section 166(1) of the Companies Act 1981 including for the avoidance of doubt, transfers of shares of the Company.

5. The JPLs shall be at liberty to submit to the Registrar of the Supreme Court of Bermuda, bills of costs for taxation for all costs, charges and expenses of those persons or firms employed by him and that such taxation shall be on the indemnity basis with respect of attorneys and on an equivalent basis for all other persons.

Dated this 26th day of September 2019

HON. SHADE SUBAIR WILLIAMS
PUISNE JUDGE

554859

5

IN THE SUPREME COURT OF BERMUDA
CIVIL JURISDICTION – COMMERCIAL COURT
COMPANIES (WINDING-UP)
2019: No. 380

IN THE MATTER OF SPENCER CAPITAL HOLDINGS LTD.
AND IN THE MATTER OF THE COMPANIES ACT 1981

---

**ORDER**

---





ASW Law Limited | Crawford House
50 Cedar Avenue | Hamilton, HM11
BERMUDA

Attorneys to the Petitioner
KALG / 1798-001

554859