**UNITED STATES BANKRUPTCY COURT**
 **SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 15 |
| | ) | |
| SPENCER CAPITAL HOLDINGS LTD.,[1] | ) | Case No. 20-12287 (JLG) |
| | ) | |
| Debtor in Foreign Proceeding. | ) | |

---

## MEMORANDUM OF LAW IN SUPPORT OF
## VERIFIED PETITION OF SPENCER CAPITAL HOLDINGS LTD.
## (IN PROVISIONAL LIQUIDATION) AND MOTION OF THE JOINT
## PROVISIONAL LIQUIDATORS FOR (A) RECOGNITION OF THE BERMUDA
## PROCEEDING AS A FOREIGN MAIN PROCEEDING OR, IN THE ALTERNATIVE,
## AS A FOREIGN NONMAIN PROCEEDING, AND (B) CERTAIN RELATED RELIEF

**STEVENS & LEE, P.C.**
Nicholas F. Kajon
Constantine D. Pourakis
Andreas D. Milliaressis
485 Madison Avenue, 20th Floor
New York, New York 10022

*Counsel for the Petitioners Rachelle Frisby and*
*John Johnston, in their capacity as the Joint*
*Provisional Liquidators and Proposed Foreign*
*Representatives*

Dated:  September 25, 2020

---

[1] SCHL (defined herein), a foreign Debtor, is a Bermuda limited company with a registered address in Bermuda of Corner House, 20 Parliament Street, Hamilton, HM 12 Bermuda.

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ......................................................................................................2

ARGUMENT .................................................................................................................................4

    I.      THE REQUIREMENTS FOR RECOGNITION OF THE BERMUDA
           PROCEEDING AS A FOREIGN MAIN PROCEEDING UNDER
           CHAPTER 15 HAVE BEEN MET ........................................................................4

        A. The Debtor Satisfies Section 109(a) .........................................................5

        B. The Verified Petition Meets the Requirements of Section 1515.............................7

        C. Each of the JPLs Qualifies as a "Foreign Representative" .......................8

        D. The Bermuda Proceeding Is A "Foreign Proceeding" .............................8

        E. The Bermuda Proceeding Is A "Foreign Main Proceeding" ....................9

        F. In the Alternative, the Bermuda Proceeding Is a "Foreign Nonmain
           Proceeding" Because the Debtor Has Establishments There ..............................12

        G. Recognition of the Bermuda Proceeding Would Not Be Manifestly
           Contrary to United States Policy .........................................................13

    II.     THE COURT SHOULD GRANT THE JPLS' AUTHORITY TO
           DISBURSE THE FUNDS HELD BY MERRILL LYNCH, TD BANK,
           N.A. AND WELLS FARGO & COMPANY. ........................................................14

CONCLUSION.............................................................................................................................16

## TABLE OF AUTHORITIES

**CASES**

*In re ABC Learning Centres Ltd.*,
  445 B.R. 318 (Bankr. D. Del. 2010) *aff'd*, 728 F.3d 301 (3d Cir. 2013)...............................4, 9

*In re Ardent Harmony Fund, Inc.*,
  No. 16-12282 (MG) (Bankr. S.D.N.Y. Sept. 1, 2016)...............................................................8

*Armada (Singapore) Pte Ltd. v. Shah (In re Ashapura Minechem Ltd.)*,
  480 B.R. 129 (S.D.N.Y. 2012)...............................................................................................12

*In re Atlas Shipping A/S*,
  404 B.R. 726, 738 (Bankr. S.D.N.Y. 2009) .....................................................................14, 15

*In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*,
  374 B.R. 122, 128 (Bankr. S.D.N.Y. 2007).............................................................................9

*In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*,
  389 B.R. 325 (S.D.N.Y. 2008).........................................................................................10, 14

*In re Berau Capital Resources Pte Ltd.*,
  540 B.R. 80 (Bankr. S.D.N.Y. 2015).......................................................................................5

*In re Betcorp Ltd.*,
  400 B.R. 266 (Bankr. D. Nev. 2009) .....................................................................................11

*In re British Am. Ins. Co.*,
  425 B.R. 884 (Bankr. S.D. Fla. 2010)....................................................................................10

*In re Caledonian Bank Ltd.*,
  No. 15-10324 (MG) (Bankr. S.D.N.Y. Mar. 17, 2015) ...........................................................8

*In re Creative Fin. Ltd.*,
  543 B.R. 498 (Bankr. S.D.N.Y. 2016)....................................................................................12

*Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*,
  737 F.3d 238 (2d Cir. 2013)....................................................................................................4

*In re Fairfield Sentry Ltd.*,
  No. 10 Civ. 7311, 2011 WL 4357421 (S.D.N.Y. Sept. 16, 2011)...........................................12

*In re Int'l Banking Corp. B.S.C.*,
  439 B.R. 614 (Bankr. S.D.N.Y. 2010) ..............................................................................14, 15

*In re Millard*,
  501 B.R. 644 (Bankr. S.D.N.Y. 2013)......................................................................................4

(ii)

*In re Millennium Glob. Emerging Credit Master Fund Ltd.*,
458 B.R. 63 (Bankr. S.D.N.Y. 2011) *aff'd*, 474 B.R. 88 (S.D.N.Y. 2012) ...............................9

*Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*,
714 F.3d 127 (2d Cir. 2013)................................................................................................10, 11

*In re Octaviar Admin. Pty. Ltd.*,
511 B.R. 361 (Bankr. S.D.N.Y. 2014)........................................................................................5

*In re Paper I Partners, L.P.*,
283 B.R. 661 (Bankr. S.D.N.Y. 2002)........................................................................................5

*In re Platinum Partners Value Arbitrage Fund et al.*,
No. 16-12925 (SCC) (Bankr. S.D.N.Y. Nov. 23, 2016)............................................................8

*In re SPhinX, Ltd.*,
351 B.R. 103 (Bankr. S.D.N.Y. 2006)......................................................................................10

*In re Suntech Power Holdings Co.*,
520 B.R. 399 (Bankr. S.D.N.Y. 2014).............................................................................5, 6, 8

## STATUTES, RULES & REGULATIONS

11 U.S.C. § 101(23) ...............................................................................................................8

11 U.S.C. § 101(24).............................................................................................................7, 8

11 U.S.C. § 109(a) .........................................................................................................4, 5, 6

11 U.S.C. § 1501..................................................................................................................13

11 U.S.C. § 1502.........................................................................................................9, 11, 12

11 U.S.C. § 1504................................................................................................................6, 7

11 U.S.C. §§ 1506................................................................................................................12

11 U.S.C. § 1508..................................................................................................................13

11 U.S.C. § 1509 ...............................................................................................................6, 7

11 U.S.C. § 1515...........................................................................................................3, 6, 7

11 U.S.C. § 1516..........................................................................................................7, 9, 11

11 U.S.C. § 1517....................................................................................................3, 4, 8, 9, 12

11 U.S.C. § 1519................................................................................................................3, 7

11 U.S.C. § 1521 ................................................................................................................13, 14, 15

11 U.S.C. § 1522 ........................................................................................................................14

28 U.S.C. § 1746 ..........................................................................................................................1

Fed. R. Bankr. P. 1007(a)(4) .....................................................................................................1, 7

(iv)

Rachelle Frisby and John Johnston of Deloitte Ltd. are the joint provisional liquidators and authorized foreign representatives ("Petitioners" or "JPLs") for Spencer Capital Holdings Ltd. ("SCHL" or "Debtor"), in provisional liquidation currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Civil Jurisdiction - Commercial Court, Companies (Winding Up), 2019: No. 380 (the "Bermuda Proceeding").

On the date hereof (the "Petition Date"), the Petitioners commenced a Chapter 15 case for the Debtor (the "Chapter 15 Case") by filing a Form of Voluntary Petition for the Debtor [ECF No. 1] under Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") and the *Verified Petition of Spencer Capital Holdings Ltd. (in Provisional Liquidation) and Motion of the Joint Provisional Liquidators for (A) Recognition of the Bermuda Proceedings as a Foreign Main Proceeding or, in the Alternative, as a Foreign Nonmain Proceeding, and (B) Certain Related Relief* (the "Verified Petition") [ECF No. 2] seeking (i) entry of an order, substantially in the form attached to the Verified Petition as Exhibit A (the "Recognition Order") after notice and a hearing (the "Recognition Hearing"), (i) granting recognition of the Bermuda Proceeding as a foreign main proceeding or, in the alternative, as a foreign nonmain proceeding, and (ii) certain related relief.  In support of the Verified Petition, the JPLs respectfully submit this Memorandum of Law (this "Memorandum").

The Petitioners also respectfully refer this Court to the *Declaration of Rachelle Frisby Pursuant to 28 U.S.C. § 1746 and Statements and Lists Required by Bankruptcy Rule 1007(a)(4)* (the "Frisby Declaration") [ECF No. 4], which contains facts relevant to this Memorandum and is incorporated herein by reference.

1

## PRELIMINARY STATEMENT

The Petitioners are seeking entry of the Recognition Order granting the Debtor's Verified Petition, recognizing the Bermuda Proceeding as a foreign main proceeding or, in the alternative, as a foreign nonmain proceeding. The Bermuda Proceeding and the recognition thereof in these proceedings are critical components of the Debtor's restructuring.  Without the requested relief, the restructuring sought in the Bermuda Proceeding would be undermined, which, in turn, would cause irreparable harm to the Debtor and its creditors.

On September 17, 2019, the Debtor filed a winding-up petition.  By order dated September 26, 2019 (the "Bermuda Order"), Petitioners were appointed as JPLs and duly authorized foreign representatives of the Debtor.

The Bermuda Order gives the JPLs the broad authority to undertake various actions with respect to the Debtor, including the authority to:

> a.  Continue the business of the [Debtor] under the supervision of [the Bermuda Court] in so far as is necessary to preserve value of the [Debtor];

> b.  to take possession of the books, records, bank accounts and any other property or assets (of whatever nature) to which the [Debtor] is or appears to be entitled, and to take whatever steps necessary to effect such possession including, where necessary, court actions to obtain such property or assets to bring them under the control of the JPLs. For the avoidance of doubt, this includes the power for the JPLs to be able to see, review, secure, take possession of and copy any books and records (of whatever nature) relating to the [Debtor's] management, accounts and audit located in the offices of the [Debtor's] managers, principal representative and/ or auditors and accountants;

2

c.  to retain and employ barristers, attorneys or solicitors and/or such agents or professional persons as the JPLs deem fit (in Bermuda, the United States, and elsewhere as the JPLs deem appropriate) for the purpose of advising and assisting in the execution of [their] powers;

d.  to maintain and operate the existing bank accounts of the [Debtor] and to open and operate new bank accounts in the name of the JPLs or the [Debtor] as may be necessary (whether within or outside Bermuda) and to pay monies into such accounts and authorize payment from such accounts;

e.  to consider any legal or arbitration proceedings (including winding up proceedings) wherever situate in which the [Debtor] is a party including (without limitation) the proceedings pending in the United States District Court for the Southern District of New York captioned *Cavello Bay Reinsurance Limited v. Kenneth Shubin Stein, Spencer Capital Limited (f/k/a Spencer Capital Holdings Ltd) and Spencer Capital Holdings Ltd.*, Case Number: 2018-cv-11362, and to give all instructions in connection therewith and take such action as may be thought necessary to continue to prosecute or defend such proceedings or to apply for a stay of such proceedings;

f.  to consider and if thought advisable to commence such actions as may be necessary in Bermuda or elsewhere to protect, recover or obtain assets or money belonging to the [Debtor]; and

g.  to rank and claim in the bankruptcy, liquidation, scheme of arrangement or insolvency of any person (including but not limited to any body corporate) indebted to the [Debtor] and to receive dividends, and to accede to trust deeds for the creditors of any such person.

3

Bermuda Order, ¶¶ ¶¶ 3.1-3.3; 3.6; 3.11-3.13.

The Bermuda Order also specifically authorizes the JPLs to seek the assistance of the United States Bankruptcy Court under the provisions of Chapter 15.  Bermuda Order ¶ 3.5.

The JPLs have concluded that this Court's recognition of the Bermuda Proceeding under Chapter 15 of the Bankruptcy Code and the subsequent entry of an order of this Court giving effect to the Bermuda Proceeding in the United States are necessary for the successful restructuring of the Debtor.  For the reasons set forth below, the JPLs respectfully request the Court grant the relief sought in the Verified Petition and enter an order recognizing the Bermuda Proceeding as a "foreign main proceeding" or, in the alternative, a "foreign nonmain proceeding," under section 1517 of the Bankruptcy Code.

The Verified Petition satisfies all of the requirements set forth in sections 1515 and 1517 of the Bankruptcy Code, as applicable.  Furthermore, the requested relief is necessary and appropriate under Chapter 15 of the Bankruptcy Code.  Finally, granting recognition of the Bermuda Proceeding and giving effect in the United States to the Bermuda Proceeding, and related relief, are consistent with the goals of international cooperation and comity inherent in Chapter 15.

## ARGUMENT

**I.     THE REQUIREMENTS FOR RECOGNITION OF THE BERMUDA PROCEEDING AS A FOREIGN MAIN PROCEEDING UNDER CHAPTER 15 HAVE BEEN MET**

As a threshold matter, a foreign debtor seeking chapter 15 relief must satisfy the debtor eligibility requirements set forth in section 109(a) of the Bankruptcy Code. *See Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*, 737 F.3d 238, 247-51 (2d Cir. 2013). The Debtor satisfies the requirements of section 109(a) of the Bankruptcy Code.

4

The remaining requirements for recognition of a foreign proceeding under Chapter 15 are set forth in section 1517(a) of the Bankruptcy Code.  Subject to section 1506, a foreign proceeding must be recognized if the following requirements are met:

> (1)    such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502;

> (2)    the foreign representative applying for recognition is a person or body; and

> (3)    the petition meets the requirements of section 1515.

11 U.S.C. § 1517(a); *see also In re Millard*, 501 B.R. 644, 651 (Bankr. S.D.N.Y. 2013) (section 1517 provides a "statutory mandate that recognition be granted upon compliance with the requirements of section 1517(a)(1), (2) and (3)") (citing *Lavie v. Ran (In re Ran)*, 607 F.3d 1017, 1021 (5th Cir. 2010)); *In re ABC Learning Centres Ltd.*, 728 F.3d 301, 306 (3d Cir. 2013) cert. denied, 134 S. Ct. 1283 (2014) (recognition mandatory when an insolvency proceeding meets the section 1517 criteria).

The Debtor is eligible for Chapter 15 relief because it has property located in the United States.  Moreover, the Verified Petition and the Bermuda Proceeding satisfy each of the foregoing requirements for recognition.

### A.  The Debtor Satisfies Section 109(a)

Pursuant to section 109(a) of the Bankruptcy Code, "only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor" under the Bankruptcy Code.  11 U.S.C. § 109(a). The question that most often arises in interpreting section 109(a) is what constitutes "property in the United States," particularly because section 109(a) does not address how much property must be present or when or how long property must have a situs in the United States.

5

Numerous courts have indicated that the "property" requirement is easily satisfied. *See In re Octaviar Admin. Pty. Ltd.*, 511 B.R. 361, 369-74 (Bankr. S.D.N.Y. 2014) (finding that foreign debtor satisfied section 109(a) based on claims the foreign debtor had under U.S. law against U.S. defendants and retainer that foreign representative deposited in client trust account to secure representation by U.S. law firm); *In re Suntech Power Holdings Co.*, 520 B.R. 399, 412-13 (Bankr. S.D.N.Y. 2014) (establishment of a bank account in New York prior to commencement of the Chapter 15 proceeding was sufficient to satisfy section 109(a)); *In re Paper I Partners, L.P.*, 283 B.R. 661, 674 (Bankr. S.D.N.Y. 2002) (finding that debtors' maintenance of original business documents in the United States constituted "property in the United States" under section 109). In fact, this Court held that even New York choice of law and forum selection clauses in a debtor's indenture constitute sufficient property to satisfy section 109(a). *See In re Berau Capital Resources Pte Ltd.*, 540 B.R. 80, 83 (Bankr. S.D.N.Y. 2015) ("The Court concludes that the presence of the New York choice of law and forum selection clauses in the Berau indenture satisfies the section 109(a) 'property in the United States' eligibility requirement.").

Furthermore, this Court has previously found that actively taking steps to meet the property requirement of section 109(a) is not improper conduct and does not constitute bad faith. In *Suntech*, the debtor had no property or business in the United States at the time its joint provisional liquidators agreed to file a Chapter 15 case there. The joint provisional liquidators subsequently established a bank account in New York, transferred $500,000 into that account and filed the Chapter 15 case the next day. This Court found that these actions were proper, stating: "Interpreting the Bankruptcy Code to prevent an ineligible foreign debtor from establishing eligibility to support needed Chapter 15 relief [would] contravene the purposes of

6

the statute to provide legal certainty, maximize value, protect creditors and other parties in interests [sic] and rescue financially troubled businesses." *In re Suntech*, 520 B.R. at 413.

The Debtor lacks a United States domicile or place of business. However, the JPLs clearly meet the burden of proving the Debtor has property in the United States and, more specifically, in New York.  The Debtor has bank accounts in the United States in at least three separate financial institutions, Merrill Lynch, TD Bank, N.A. and Wells Fargo & Company. Thus, the JPLs should not be precluded from commencing and prosecuting Debtor's Chapter 15 Case on the basis of section 109.

### B.  The Verified Petition Meets the Requirements of Section 1515

The Chapter 15 Case was duly and properly commenced in accordance with sections 1504, 1509 and 1515 of the Bankruptcy Code.  The JPLs filed the Verified Petition for recognition of foreign proceedings pursuant to section 1515(a), which was accompanied by all documents and information required by sections 1515(b) and (c) and the relevant Bankruptcy Rules, including (a) a certified copy of the Bermuda Order with respect to the Debtor; (b) a statement identifying all foreign proceedings known to the JPLs with respect to the Debtor; (c) corporate ownership statements containing the information described in Bankruptcy Rule 1007(a)(4); and (d) a list containing (i) the names and addresses of all persons or bodies authorized to administer foreign proceedings of the Debtor, (ii) all parties to litigation pending in the United States to which the Debtor is a party at the time of the filing of the petition, and (iii) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code. The JPLs respectfully submit that they have satisfied the clear and objective standards for compliance with section 1515 of the Bankruptcy Code.

7

### C.  Each of the JPLs Qualifies as a "Foreign Representative"

A Chapter 15 case is commenced by the filing of a petition for recognition (and related documents) by the "foreign representative."  *See* 11 U.S.C. 1504, 1509(a), 1515(a).  A bankruptcy court may presume that the person petitioning for Chapter 15 recognition is a foreign representative if the decision or certificate from the foreign court so indicates. 11 U.S.C. § 1516(a).  The Bankruptcy Code defines "foreign representative" as "a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."  11 U.S.C. § 101(24).

The Bermuda Order expressly appoints the JPLs "to seek the assistance [of] the United States Bankruptcy Court under the provisions of the US Bankruptcy Code, Chapter 15." Bermuda Order ¶ 3.5; s*ee also* Frisby Declaration ¶ 7.

In light of the statutory presumption, the Bankruptcy Code's definition of "foreign representative" and the express provisions of the Bermuda Order, the JPLs are each proper "foreign representatives" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

### D.  The Bermuda Proceeding Is A "Foreign Proceeding"

The Bermuda Proceeding is a "foreign proceeding" as required for recognition under section 1517(a) of the Bankruptcy Code.  *See* 11 U.S.C. 1517(a)(1).  The Bankruptcy Code defines a "foreign proceeding" as

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

8

As set forth in further detail in the Frisby Declaration, the Bermuda Proceeding is a "collective judicial proceeding" commenced under Bermuda Companies Act 1981, and is a "law relating to insolvency or adjustment of debt." *See* Frisby Declaration ¶¶ 16-21.

The conclusion that the Bermuda Proceeding is a foreign proceeding within the meaning of section 101(23) is further supported by precedent.  On multiple occasions, this Court and others have previously held that insolvency proceedings (including provisional liquidations) qualify as foreign proceedings under Chapter 15 of the Bankruptcy Code. *See, e.g., In re Suntech Power Holdings Co.*, 520 B.R. 399 (Bankr. S.D.N.Y. 2014) (provisional liquidation); *In re Platinum Partners Value Arbitrage Fund et al.*, No. 16-12925 (SCC) [ECF No. 27] (Bankr. S.D.N.Y. Nov. 23, 2016) (official liquidation); *In re Ardent Harmony Fund, Inc.*, No. 16-12282 (MG) [ECF No. 17] (Bankr. S.D.N.Y. Sept. 1, 2016) (official liquidation); *In re Caledonian Bank Ltd.*, No. 15-10324 (MG) [ECF No. 39] (Bankr. S.D.N.Y. Mar. 17, 2015) (official liquidation).

### E.  The Bermuda Proceeding Is A "Foreign Main Proceeding"

The Bermuda Proceeding is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code because the Debtor's center of main interests ("COMI") is Bermuda.

The Bankruptcy Code defines a "foreign main proceeding" as "a foreign proceeding pending in the country where the debtor has the center of its main interests." *See* 11 U.S.C. § 1502(4). A foreign proceeding "shall be recognized" as a foreign main proceeding if it is pending where the debtor has its COMI. *See* 11 U.S.C. § 1517(b)(1).  The Bankruptcy Code does not define "center of main interests," but, pursuant to section 1516(c) of the Bankruptcy Code, it is presumed that a debtor's COMI is the location of its registered office "absent

9

evidence to the contrary." *See* 11 U.S.C. § 1516(c); *see also In re Millennium Glob. Emerging Credit Master Fund Ltd.*, 458 B.R. 63, 76 (Bankr. S.D.N.Y. 2011) *aff'd*, 474 B.R. 88 (S.D.N.Y. 2012) (finding in the context of section 1516 that **"[**t]he party seeking to rebut a statutory presumption must present enough evidence to withstand a motion for summary judgment"); *In re ABC Learning Centres Ltd.*, 445 B.R. 318, 333 (Bankr. D. Del. 2010) *aff'd*, 728 F.3d 301 (3d Cir. 2013) (holding that debtor's registered jurisdiction was its COMI where debtor established the section 1516 presumption no objection was raised or evidence presented rebutting the section 1516 presumption). However, the legislative history indicates that this presumption was "designed to make recognition as simple and expedient as possible" in cases where COMI is not controversial. H. Rep. No. 109-31, Pt. 1, 109th Cong., 1st Sess. 112-13 (2005). Accordingly, "[t]his presumption is *not a preferred alternative where there is a separation between a corporation's jurisdiction of incorporation and its real seat*." *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 128 (Bankr. S.D.N.Y. 2007) (emphasis in original).

Courts have identified several additional factors which may be considered in a COMI analysis, including:

> the location of the debtor's headquarters; the location of those who actually manage the debtor (which, conceivably could be the headquarters of a holding company); the location of the debtor's primary assets; the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case; and/or the jurisdiction whose law would apply to most disputes.

*In re SPhinX, Ltd.*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006); *In re Bear Stearns*, 374 B.R. at 128. While each of these factors may serve as a "helpful guide" in determining a debtor's COMI, these factors are not exclusive, and none of the factors are required nor dispositive. *See Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 137-38 (2d Cir.

10

2013) (explaining that "consideration of these specific factors is neither required nor dispositive" and warning against mechanical application).

Moreover, the Second Circuit and other courts often examine whether a Chapter 15 debtor's COMI would have been ascertainable to interested third parties, finding "the relevant principle is that the COMI lies where the debtor conducts its regular business, so that the place is ascertainable by third parties . . . . Among other factors that may be considered are the location of headquarters, decision-makers, assets, creditors, and the law applicable to most disputes." *In re Fairfield Sentry*, 714 F.3d at 130. As the Second Circuit explained, by examining factors "in the public domain," courts are readily able to determine whether a debtor's COMI is in fact "regular and ascertainable and not easily subject to tactical removal." *Id.* at 136-37. *See also In re British Am. Ins. Co.*, 425 B.R. 884, 912 (Bankr. S.D. Fla. 2010) ("The location of a debtor's COMI should be readily ascertainable by third parties."); *In re Betcorp Ltd.*, 400 B.R. 266, 289 (Bankr. D. Nev. 2009) (looking to ascertainability of COMI by creditors).

In assessing these factors, a Chapter 15 debtor's COMI is determined as of the filing date of the Chapter 15 petition, without regard to the debtor's historic operational activity. *See In re Fairfield Sentry*, 714 F.3d at 137 ("[A] debtor's COMI should be determined based on its activities at or around the time the Chapter 15 petition is filed, as the statutory text suggests.").

The JPLs submit that, as of the Petition Date, the Debtor's "center of main interests" within the meaning of Chapter 15 of the Bankruptcy Code is in Bermuda and that COMI was not manipulated prior to the filing in bad faith. As previously noted, Debtor is a Bermuda limited company and maintains its head office in Bermuda at the following address: Corner House, 20 Parliament Street, Hamilton, HM 12 Bermuda. Furthermore, Debtor's administrative service functions are performed in Bermuda.

11

**F.  In the Alternative, the Bermuda Proceeding Is a "Foreign Nonmain Proceeding" Because the Debtor Has Establishments There**

Should the Court for some reason conclude that the Bermuda Proceeding should not be recognized as a foreign main proceeding, the JPLs submit that, in the alternative, the Bermuda Proceeding should be recognized as a foreign nonmain proceeding under sections 1516(b)(2) and 1502(5) of the Bankruptcy Code.

A foreign nonmain proceeding is defined as a "foreign proceeding, other than a foreign main proceeding, pending in a country where the debtor has an establishment." 11 U.S.C. § 1502(5). An "establishment" is "any place of operations where the debtor carries out a nontransitory economic activity." 11 U.S.C. § 1502(2). The Bankruptcy Code does not define "nontransitory economic activity," but courts have interpreted the terms "operations" and "economic activity" as used in section 1502(2) to require a "showing of a local effect on the marketplace, more than mere incorporation and record-keeping and more than just the maintenance of property." *In re Creative Fin. Ltd.*, 543 B.R. 498, 521 (Bankr. S.D.N.Y. 2016). Moreover, the "establishment" requirement may be satisfied by the local conduct of business. *See id. at* 520 ("'Establishment' has been described as a 'local place of business.'"); *In re Fairfield Sentry Ltd.*, No. 10 Civ. 7311, 2011 WL 4357421, at *10 n.8 (S.D.N.Y. Sept. 16, 2011) ("This Court agrees with the Bankruptcy Court that if main recognition were not granted, non-main recognition of Sentry's BVI Proceeding would be appropriate because Sentry has an establishment in the BVI for the conduct of nontransitory economic activity, *i.e.* a local place of business.").

Even if the Court declines to find that Bermuda is the center of the Debtor's main interests, it would be hard pressed to deny that the Debtor has an establishment there. As described above, Bermuda is where the Debtor conducts its principal business operations.

12

Given the considerable business activities conducted by the Debtor in Bermuda, the JPLs submit that the Bermuda Proceeding is pending where the Debtor has an "establishment," and, therefore, that the Bermuda Proceeding constitutes a "foreign nonmain proceeding" within the meaning of section 1502 of the Bankruptcy Code.

### G.  Recognition of the Bermuda Proceeding Would Not Be Manifestly Contrary to United States Policy

Recognition of a foreign proceeding is "subject to section 1506," which provides that a bankruptcy court may decline to grant relief requested if the action would be "manifestly contrary to the public policy of the United States."  11 U.S.C. §§ 1506, 1517(a).  Courts have construed this public policy exception narrowly.  *See Armada (Singapore) Pte Ltd. v. Shah (In re Ashapura Minechem Ltd.)*, 480 B.R. 129, 139 (S.D.N.Y. 2012) (stating that courts have "uniformly" read the public policy exception "narrowly and applied it sparingly").

Granting recognition of the Bermuda Proceeding would advance the public policy objectives of sections 1501(a) and 1508 of the Bankruptcy Code, among others, thereby making the public policy exception under section 1506 wholly inapplicable.  Specifically, granting recognition of the Bermuda Proceeding would promote the fair and efficient administration of cross-border insolvency proceedings designed to protect the interests of all creditors and other interested parties, while at the same time preventing creditors from commencing or continuing litigation in the United States that could potentially disadvantage the overwhelming majority of creditors.  Granting recognition to the Bermuda Proceeding as a foreign proceeding is critical to furthering the objectives of Chapter 15, promoting greater cooperation between the United States and Bermuda Courts, and accomplishing the Debtor's restructuring through the Bermuda Proceeding.  Moreover, recognition of the Bermuda Proceeding as a foreign proceeding under Chapter 15 would further protect the interests of creditors in the Bermuda Proceeding because,

13

absent recognition, the uniform and orderly administration of the Debtor's' assets would be jeopardized.

## II.     THE COURT SHOULD GRANT THE JPLS' AUTHORITY TO DISBURSE THE FUNDS HELD BY MERRILL LYNCH, TD BANK, N.A. AND WELLS FARGO & COMPANY.

Pursuant to 11 U.S.C. § 1521(a)(5) upon recognition, at the request of the foreign representative, the court may grant appropriate relief to protect the assets of the debtor or interest of the creditors, including "entrusting the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United states to the foreign representative or another person, including an examiner, authorized by the court."  Further, section 1521(b) provides for the disbursement of such funds that are turned over, "provided that the court is satisfied that the interests of creditors in the United States are sufficiently protected."

In *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 333 (S.D.N.Y. 2008) the court found that "relief [under § 1521] is largely discretionary and turns on subjective factors that embody principles of comity."  Further, "[o]nce a case is recognized as a foreign main proceeding, chapter 15 specifically contemplates that the court will exercise its discretion consistent with principles of comity." *In re Atlas Shipping A/S*, 404 B.R. 726, 738 (Bankr. S.D.N.Y. 2009).  "There is a logical reason for this [exercise of discretion]. Deference to foreign insolvency proceedings will often facilitate the distribution of the debtor's assets in an equitable, orderly, efficient, and systematic manner, rather than in a haphazard, erratic, or piecemeal fashion." *Id.* at 738 (Internal quotations and citations omitted).  The court has denied the turnover of assets where liens or judgments have already attached to the assets sought.  *See In re Int'l Banking Corp. B.S.C.*, 439 B.R. 614 (Bankr. S.D.N.Y. 2010).

14

In addition to the discretionary power of the Court to allow for disbursement, the Court has the ability to subject such requested relief to "conditions it considers appropriate." *See* 11 U.S.C. §1522(a). The Court also maintains the power to modify or terminate the relief granted on its own motion or on the motion of any affected party. *See* 11 U.S.C. §1522(c).

Pursuant to their powers in the Bermuda Proceeding, the JPLs have already gained control of funds held by the Debtor in the following financial institutions: Merrill Lynch ("Merrill"), TD Bank, N.A. ("TD Bank") and Wells Fargo & Company ("Wells Fargo"). For the sake of clarity, the JPLs are simply seeking this Court's authority to disburse said funds as provided in the Bermuda Proceeding.

As the Court should exercise its discretion while maintaining the principles of comity, it follows that the appointment of the JPLs should be uninterrupted and the JPLs must be granted the authority to oversee all of the assets of the Debtor, including those assets located in the United States. *See Atlas Shipping* at 738. For the same reasons delineated in the *Atlas Shipping* case, the JPLs should be granted the authority to disburse the funds held in the Debtor's name at Merrill, TD Bank and Wells Fargo pursuant to Bankruptcy Code section 1521(b) to ensure an equitable, orderly, efficient, and systematic distribution of the Debtor's assets. Unlike the matter before the court in *International Banking*, upon the JPLs' review of Debtor's books and records, there are no liens or judgments attached to the funds held by Merrill, TD Bank or Wells Fargo. Based on the foregoing, the Court should allow for disbursement of the funds in accordance with the Bermuda Proceeding.

15

## <u>CONCLUSION</u>

For the foregoing reasons, the Petitioners respectfully request that this Court enter an

order substantially in the form attached to the Verified Petition as <u>Exhibit A</u>, granting the relief

requested therein and such other and further relief as may be just and proper.

Dated: September 25, 2020
      New York, New York

           STEVENS & LEE, P.C.

           By:   */s/ Constantine D. Pourakis*
                Nicholas F. Kajon
                Constantine D. Pourakis
                Andreas D. Milliaressis
                485 Madison Avenue, 20th Floor
                New York, New York 10022
                Telephone:  212-319-8500
                Facsimile:  212-319-8505
                nfk@stevenslee.com
                cp@stevenslee.com

                *Counsel for the Petitioners Rachelle Frisby and*
                *John Johnston, in their capacity as Joint*
                *Provisional Liquidators and Proposed Foreign*
                *Representatives*